# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA G. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-02111-STA-dkv |
| | ) | |
| E. I. DU PONT DE NEMOURS AND COMPANY, INC. | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Before the Court is Defendant E. I. du Pont de Nemours and Co., Inc.'s Motion for Partial Dismisal (ECF No. 34) filed on August 18, 2015. Plaintiff Melissa G. Williams has responded in opposition, and Defendant has filed a reply brief. For the reasons set forth below, Defendant's Motion is **GRANTED**.

## BACKGROUND

On February 16, 2015, Plaintiff filed a Complaint alleging claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. On June 16, 2015, this matter was reassigned to the undersigned for all further proceedings. In its Motion for Partial Dismissal, Defendant seeks the dismissal of Plaintiff's state law claims for the intentional infliction of emotional distress (or outrageous conduct) and conversion. Defendant simply argues that the Complaint fails to allege any facts to support either claim for relief. Therefore, the Court should dismiss these claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff has responded in opposition to the Motion for Partial Dismissal and filed an affidavit in support of her pleadings. Plaintiff contends that her Complaint plausibly alleges that Defendant allowed Plaintiff's co-workers to create a hostile work environment. Plaintiff seems to argue that Defendant's failure to address her complaints about harassment in the workplace forms the basis of her claim for the intentional infliction of emotional distress. Plaintiff briefly adds that her claim for conversion is based on Defendant's failure to properly calculate back pay. Plaintiff names two male comparators who did receive corrected back pay. Plaintiff concludes by arguing that Defendant's Motion is perhaps better construed as a motion for more definite statement, which the Court should deny.

Defendant's reply restates its essential argument that the Complaint fails to plead any facts to support the claims for intentional infliction of emotional distress or conversion. Defendant objects to the affidavit filed by Plaintiff and argues that consideration of the affidavit is not allowed under Rule 12. If Plaintiff wishes to amend the factual allegations of her pleadings, Plaintiff should file a motion to amend her pleadings. Defendant specifically disclaims that its Motion is a request for a more definite statement. Defendant believes then that dismissal of the two claims is warranted.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[1]

---

[1] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

However, legal conclusions or unwarranted factual inferences need not be accepted as true.[2] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[3] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[5] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7]

## ANALYSIS

The Court holds that Defendant is entitled to the dismissal of Plaintiff's claims for intentional infliction of emotional distress and conversion. To prove a claim for IIED, Plaintiff must show that: (1) the conduct complained of was intentional or reckless, (2) it was so outrageous that it is not tolerated by a civilized society, and (3) it resulted in serious mental

---

[2] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[3] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[6] *Twombly*, 550 U.S. at 555, 570.

[7] *Iqbal*, 556 U.S. at 678.

injury.[8] Outrageous conduct does not include "mere insults, indignities, threats, annoyances, petty oppression or other trivialities."[9] Thus, a plaintiff seeking damages for IIED must meet "an exacting standard," one which requires a plaintiff to prove conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community."[10] "Recovery for intentional infliction of emotional distress is limited to mental injury which is so severe that no reasonable person would be expected to endure it."[11] Discrimination or termination of one's employment is typically insufficient to prove an IIED claim.[12]

The Court holds that the Complaint fails to state an IIED claim. The only specific allegations made in support of Plaintiff's IIED claim are as follows: Defendants "intentionally, deliberately, willfully, and callously disregarded" Plaintiff's rights "maliciously and with reckless indifference."[13] Furthermore, Defendant has subjected Plaintiff "to outrageous conduct and negligent, reckless and intentional infliction of emotional distress and conversion." (I*d.* ¶

---

[8] *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997) (explaining that outrageous conduct and the intentional infliction of emotional distress are two names for the same tort).

[9] *Id.* (quoting *Medlin v. Allied Inv. Co.*, 398 S.W.2d 270, 274 (Tenn. 1966)); *Arnett v. Domino's Pizza I, L.L.C.*, 124 S.W.3d 529, 539 (Tenn. Ct. App. 2003).

[10] *Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn. 1999) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

[11] *Arnett*, 124 S.W.3d at 540.

[12] *Nettles v. Hotel Peabody, G.P.*, No. 2:09-CV-02776-JPM, 2010 WL 5093362, at *3 (W.D. Tenn. Dec. 8, 2010) (citations omitted).

[13] Compl. ¶ 24.

4

26.) The Court finds that Plaintiff has merely set out "a formulaic recitation of the elements of a cause of action" for IIED.[14] Plaintiff has not pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Moreover, Plaintiff has cited no case holding that the mere recitation of the elements of an IIED claim suffices for purposes of Rule 12(b)(6). Therefore, Defendant's Motion is **GRANTED** as to Plaintiff's IIED claim.

Under Tennessee law, conversion is "an intentional tort, and a party seeking to make out a *prima facie* case of conversion must prove: (1) the appropriate of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights."[16] Just as with Plaintiff's IIED claim, her conversion claim lacks any factual support in the allegations of the Complaint. The Complaint briefly refers to conversion in the paragraph quoted above where Plaintiff alleges that Defendant has subjected her to a number of torts including conversion. However, the Complaint is bereft of any plausible fact allegations to establish the elements of her conversion claim. The Complaint does make passing reference to Defendant's alleged denial of Plaintiff's right to some form of bonus pay and denial of her "purchase vacation pay."[17] At best, Plaintiff's pleadings suggest that she may be entitled to certain forms of compensatory damages suffered as a result of the alleged discrimination and harassment. The Complaint, however, has not alleged a plausible claim for conversion. Nothing in the Complaint shows that Defendant appropriated property actually due and owed to Plaintiff and in defiance of her rights as the true owner of the property. Therefore, Defendant's Motion is

---

[14] *Reilly*, 680 F.3d at 622 (quoting *Twombly*, 550 U.S. at 555)).

[15] *Iqbal*, 556 U.S. at 678.

[16] *PNC Multifamily Capital Institutional Fund XXVI Ltd. Partnership v. Bluff City Community Development Corp.*, 387 S.W.3d 525, 553 (Tenn.Ct.App.2012).

[17] Compl. 5.

**GRANTED** as to Plaintiff's claim for conversion.

Plaintiff attempts to survive the Motion for Partial Dismissal by relying on an affidavit containing additional fact claims. The Court declines to consider the affidavit to decide Defendant's Motion. "In considering a Rule 12(b)(6) motion, a district court cannot consider matters beyond the complaint."[18] Were the Court to take up Plaintiff's affidavit at this stage, the Court would convert Defendant's Rule 12(b)(6) Motion into a Rule 56 motion for summary judgment.[19] Additionally, Plaintiff has not requested leave to amend her pleadings to include the additional factual matter stated in her affidavit. Therefore, the Court will not consider the contents of Plaintiff's affidavit at this stage of the case.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 26, 2015.

---

[18] *Trustees of Detroit Carpenters Fringe Benefit Funds v. Patrie Const. Co.*, No. 13-2484, 2015 WL 873504, at *7 (6th Cir. Mar. 3, 2015).

[19] *See* Fed. R. Civ. P. 12(d); *Derbabian v. Bank of Am., N.A.*, 587 F. App'x 949, 952 (6th Cir. 2014) ("Generally, a court's consideration of a motion to dismiss under Federal Rule 12(b)(6) is limited to the pleadings, and reference outside the pleadings may convert the motion into one for summary judgment.").