# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MELISSA G. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-02111-STA-dkv |
| | ) |
| E. I. DU PONT DE NEMOURS AND | ) |
| COMPANY, INC. | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

Before the Court is Defendant E. I. du Pont de Nemours and Co., Inc.'s Motion to Strike (ECF No. 108) filed on November 4, 2016. Plaintiff Melissa G. Williams has responded in opposition. For the reasons set forth below, Defendant's Motion is **DENIED**.

## BACKGROUND

On February 16, 2015, Plaintiff filed a Complaint alleging claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. The Scheduling Order, as amended, set December 28, 2015, as the deadline for completing all written discovery. The parties' cross-motions for summary judgment followed on February 19, 2106. After the close of discovery and while the parties were briefing their Rule 56 motions, Plaintiff filed a motion to extend (ECF No. 82) the deadlines for amending her pleadings and completing discovery. For cause Plaintiff stated that Defendant had terminated her employment in March 2016. Plaintiff sought leave to amend her complaint to add a discrimination claim based on her termination. Before Plaintiff could amend her pleadings, however, Plaintiff first had to pursue her

administrative remedies. Plaintiff therefore needed more time to exhaust her administrative remedies as to the termination claim. The Court granted Plaintiff's motion and ordered counsel to confer about new deadlines for Plaintiff to file an amended complaint and for the parties to pursue discovery on Plaintiff's new allegations. The Court also decided to continue the trial date, which had been set for June 27, 2016. In the mean time, the parties completed their briefing on the cross-motions for summary judgment. Following several short extensions of time, Plaintiff filed her First Amended Complaint (ECF No. 98) on September 27, 2016. The next day the Court entered an order denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment on all of the claims relief in Plaintiff's original Complaint, specifically her causes of action for gender discrimination, hostile work environment, and retaliation.

In the Motion now before the Court, Defendant requests that the Court strike paragraphs 11 through 31 of Plaintiff's First Amended Complaint. According to Defendant, these factual allegations are identical to allegations contained in Plaintiff's previous pleadings, factual contentions supporting claims the Court dismissed in its September 2016 summary judgment ruling. Defendant argues then that the facts alleged in these paragraphs are immaterial, impertinent, and scandalous. As such, the Court should strike them from Plaintiff's First Amended Complaint. Plaintiff has filed a response in opposition. Plaintiff argues that the paragraphs which Defendant seeks to strike are relevant to her Family Medical Leave Act ("FMLA") claims and otherwise provide factual background for the new claims asserted in her First Amended Complaint. Defendant has not shown that the paragraphs are immaterial or impertinent much less scandalous. Plaintiff contends then that striking the paragraphs under Rule 12(f) would be improper.

## STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] The language of Rule 12(f) is permissive and not mandatory. The Sixth Circuit has recently stated that Rule 12(f) motions to strike "are viewed with disfavor and are not frequently granted."[2] A motion to strike serves the purpose "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case.[3] As such, a court should grant a motion to strike "if it appears to a certainty that [the moving party] would succeed despite any state of the facts which could be proved in support of the [claim for relief or] defense and are inferable from the pleadings."[4] Generally, "courts should not tamper with the pleadings unless there is a strong reason for so doing."[5]

## ANALYSIS

The Court holds that Defendant has not satisfied the elevated standard to strike paragraphs 11 through 31 from Plaintiff's First Amended Complaint. As an initial matter, Defendant's Motion to Strike does not actually test the sufficiency of the amended pleadings. For example, Defendant does not argue that the facts fail to state a claim upon which relief can

---

[1] Fed. R. Civ. P. 12(f).

[2] *Operating Eng'rs Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citations omitted).

[3] *Id.* (citing *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986)).

[4] *Id.* (citing *Williams v. Jader Fuel Co.,* 944 F.2d 1388, 1400 (7th Cir. 1991)).

[5] *City of New York v. Fedex Ground Package Sys., Inc.*, 314 F.R.D. 348, 354 (S.D.N.Y. 2016) (citing *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).

be granted or that Defendant is entitled to judgment as a matter of law on the facts alleged or that the facts are so vague or ambiguous that Defendant cannot reasonably prepare a response. The grounds for Defendant's Motion appear to be the fact that some of the factual allegations in the First Amended Complaint were also set out in Plaintiff's original pleadings, and the Court has now granted Defendant judgment as a matter of law on the claims in Plaintiff's original pleadings. Defendant merely argues that the facts are the kind of immaterial, impertinent, or scandalous allegations the Court should strike.

The Court cannot say, however, that the paragraphs run afoul of Rule 12(f) and advance facts that are impertinent or scandalous. Plaintiff argues that the facts in paragraphs 11 through 31 are material to her FMLA claims, which she has raised for the first time in her First Amended Complaint. Plaintiff also alleges that the facts are relevant background information to her termination. "As the master of the complaint, the plaintiff may decide what claims to bring and how to [allege] them."[6] While it is true that the Court already addressed the relevance of some of these same facts in deciding the parties' motions for summary judgment, those rulings concerned whether Plaintiff could prove the separate elements of distinct claims for relief, claims which the Court has now dismissed from the controversy. Whatever doubt may exist about the materiality of the allegations to Plaintiff's remaining claims, allowing Plaintiff to frame her remaining claims by including appropriate background material in her amended pleadings is consistent with Rule 8(a).

What is more, striking these paragraphs would not serve the aims of Rule 12(f), which exists "to avoid the expenditure of time and money" that could result in litigating extraneous issues. The Court must stress here that only Plaintiff's claims in the First Amended Complaint

---

[6] *Energy Conversion Devices Liquidation Tr. v. Trina Solar Ltd.*, 833 F.3d 680, 688 (6th Cir. 2016).

survive at this stage of the case.  The parties have already engaged in discovery concerning many of these same facts, and so it is not clear how including the facts in the amended pleadings will expand the scope of relevant discovery or increase the burden on Defendant.  To the extent then that Defendant wishes to avoid incurring some additional expense during the re-opened discovery period, Defendant has options available under the Federal Rules of Civil Procedure other than a Rule 12(f) Motion to Strike.  Therefore, Defendant's Motion to Strike is **DENIED**.

    **IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:  December 12, 2016.